# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **Monica Johnson, Me'Kia Mouling, G.K.** | § | |
| **by next friend Monica Johnson, Clifford** | § | |
| **Jones, Brandolyn Jones, Praiyer Jones,** | § | |
| **and A.J., by next friends Clifford and** | § | |
| **Brandolyn Jones** | § | **Case No. 6:24-cv-108** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **Darryl Henson, Marlin Independent** | § | |
| **School District, and John Simmons** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs Monica Johnson, Me'Kia Mouling, G.K. (by next friend Monica Johnson), Clifford Jones, Brandolyn Jones, Praiyer Jones, and A.J. (by next friends Clifford and Brandolyn Jones), by and through their attorney of record, Janelle L. Davis Law, PLLC and file this Original Complaint.

After a series of unethical actions by officials with Marlin ISD at the end of the 2022-2023 school year, Plaintiffs Brandolyn Jones, Clifford Jones, and Monica Johnson filed grievances seeking a variety of remedies for themselves and their children. Unfortunately, the Defendants' unethical behavior continued during the grievance process and into the 2023-2024 school year. As discussed further herein, Defendants then retaliated against Plaintiffs in an attempt to intimidate them into silence and to try to deter other parents from speaking up. Plaintiffs would show the Court the following:

# I. SUMMARY

1.      In the wake of the National School Boards Association labeling parents speaking at school board meetings as "domestic terrorists," school districts across the State of Texas have increasingly acted with impunity to deprive parents of their constitutional rights and suppress free speech that they do not like.[1]  In fact, school district attorneys are providing training presentations for other lawyers that instruct them that one way to deal with "big mad" parents is to issue them a criminal trespass warning barring them from entering district property.[2]  Plaintiffs are more victims of these unlawful and unconstitutional behaviors by Texas school district officials, as Defendants

---

[1] *See, e.g.*, *When This Uvalde Parent Complained About a New Police Hire He Was Banned From School Property* (May 16, 2023) *available at* https://reason.com/2023/05/16/when-this-uvalde-parent-complained-about-a-new-police-hire-he-was-banned-from-school-property/; *Texas Association of School Boards President and Frisco ISD Board President Conspire to Censor Parents; Labels Them Hate Crowd* (Mar. 8, 2023) *available at* https://www.thegatewaypundit.com/2023/03/texas-association-of-school-boards-president-and-frisco-isd-board-president-conspire-to-censor-parents-labels-them-hate-crowd/; *Texas dads arrested after getting vocal at school board meetings say superintendent aims to 'silence' them* (Dec. 8, 2021) *available at* https://www.foxnews.com/politics/texas-dads-arrested-school-board-meetings-superintendent; *Texas Education Conference Hosts Presentation on 'How to Respond' to 'Controversies in the Classroom* (Sept. 21, 2022) *available at* https://texasscorecard.com/state/texas-education-conference-hosts-presentation-on-how-to-respond-to-controversies-in-the-classroom/  (highlighting a presentation of Prosper ISD officials regarding how to deal with parent "disruptions" and "ongoing attacks on social media regarding the district's work"); *Fort Worth mom's mic cut during board meeting about kids getting dropped off at wrong bus stop* (Sept. 28, 2022) *available at* https://www.wfaa.com/article/news/education/fort-worth-isd-fwisd-school-bus-wrong-stops-school-board-meeting-microphone-cut-off/287-ff039fbc-70a8-4326-b80f-f131c502bc33; *Mother Reprimanded for Reading Aloud a Book with Underage Sex Scenes in a School Library* (Dec. 19, 2022) *available at* https://voz.us/mother-reprimanded-for-reading-aloud-a-book-with-underage-sex-scenes-in-a-school-library/?lang=en; *Parents Escorted out of Plainview School Board Meeting Following Sexual Assault* (May 18, 2023) *available at* https://www.youtube.com/watch?v=iit8DMRVfEk; *See McKinney School Board President Sued for Squelching Free Speech* (May 18, 2022), *available at* https://texasscorecard.com/local/mckinney-school-board-president-sued-for-squelching-free-speech/.
[2] *See School District Lawyers Ridicule Parents During Texas Bar Conference* (July 25, 2023) *available at*
 https://texasscorecard.com/state/school-district-lawyers-ridicule-parents-during-texas-bar-conference/.

Henson and Marlin ISD have now threatened to sue Plaintiffs for alleged defamation because they refuse to remain silent about what has happened to them.

2.     In a similar case pending in the Western District of Texas, Senior United States District Judge David Alan Ezra denied the defendants' motion to dismiss claims of First Amendment retaliation after Plaintiff Jeremy Story was arrested following his public comments at a Round Rock ISD School Board meeting. *See Story, et al. v. Azaiez, et al.*, No. 1:22-CV-00448-DAE, *Order Granting in Part and Denying in Part Defendants' Motions to Dismiss* (Dkt. No. 43 (July 26, 2023)).[3]

3.     Texas law provides that parents are equal partners in the education of their children and are entitled to all information related to their child's education. *See generally* Texas Education Code Chp. 26. Nevertheless, Defendants acted in concert to deprive Plaintiffs of their rights under state law and their constitutionally protected First Amendment rights because Defendant Henson did not like that Plaintiffs spoke out in response to his decision to change student grades and class rank and delay graduation for the 2023 graduating class of Marlin ISD. Defendants further acted in concert to deprive Plaintiffs of their rights to be full participants in the education of their children in violation of Texas Education Code § 26.001.

4.     Defendant Marlin ISD is a small school district of about 875 students located near Waco, Texas. After years of underperforming, the Texas Education Agency ("TEA") assumed control over Marlin ISD in 2017. At the time, it appointed a board of managers to replace the District's board of trustees following five consecutive years of failing grades in the state's accountability rating system. After a lack of improvement, the state takeover was extended.

---

[3] *VINDICATED: School Board Fails to Sweep Dad's Rights Under 'Legal Rug' After It Had Him Removed from Meeting* (Aug. 14, 2023) *available at* https://www.dailysignal.com/2023/08/14/exclusive-court-upholds-texas-dads-free-speech-claim-school-board-had-him-arrested/.

Marlin ISD is still under state control, although the TEA has initiated the process of returning control to the District. Plaintiffs believe that this is premature in light of Defendants unlawful and unethical behavior as described further herein. Defendant Henson, on the other hand, has every motive to ensure that the narrative that Marlin ISD is flourishing in all areas continues without any public criticism of his "brand and reputation" for "tailored suits and holding a standard."

5.    Defendant Henson was hired to be the superintendent for Marlin ISD in 2020. Since that time, he has made clear that his ultimate aim is to protect his brand and that he will use any resources at his disposal to do so. Even so, this has not stopped him from receiving a two-year suspension from sideline access and game administrator duties, two-year probation, and a public reprimand from the Texas University Interscholastic League State Executive Committee. This discipline by the UIL came after Defendant Henson got into an altercation with a referee during a game. *See* UIL Official Notices (Dec. 2022), available at https://www.uiltexas.org/leaguer/article/official-notices-december-2022; *Harker Heights basketball coach, Marlin ISD superintendent reprimanded by UIL* (Nov. 14, 2022), *available at* https://www.kcentv.com/article/sports/uil-reprimands-harker-heights-basketball-coach-marlin-isd-superintendent/500-d4cd8a3f-328a-4df8-8888-5377ec0c63e8. Defendant Henson's improper behavior extends beyond athletics as detailed below.

6.    Rather than focus on improving student outcomes, Defendant Henson and Marlin ISD have instead increased the size of their central administrative staff at taxpayer, teacher, and student expense. Defendant Henson has used these administrators and Defendant Simmons (the Chief of Police for Marlin ISD) to carry out his own agenda and silence those who oppose it. Defendant Henson seems to have taken particular issue with the fact that Plaintiffs spoke publicly in their criticism of Defendants' actions because he believes that you should "keep the business in the house." He has publicly criticized Plaintiffs for not bringing solutions to the table to address

their concerns, but the truth is that Plaintiffs did just that through the Marlin ISD grievance process. Defendant Henson investigated himself during the grievance process and then rejected Plaintiffs' grievances and proposed solutions.

7. Defendant Henson has also spoken publicly on a podcast in the summer of 2023 where he belittled Plaintiffs' frustrations, claiming that they simply wanted to "turn up" at a party without doing the work required to graduate. He referred to social media posts and falsely claimed that Plaintiffs wanted the standards lowered for them to graduate and that he would not be "pressured" into doing this. Defendant Henson referred to Plaintiffs as emotional because the situation involved "their baby. It's boo boo." And in his words, they need to "get boo boo up. Get them to class" and "tell Pookie to complete all assignments." He falsely claimed that Plaintiffs did not want to take ownership of their actions during the 2022-2023 school year. But Plaintiffs Me'Kia Mouling and Praiyer Jones were not underachieving students who needed or wanted the standards lowered for them. They are both high achieving students who have involved parents that closely monitored their grades throughout the entire year to ensure they were on track to graduate. Plaintiff Me'Kia Mouling was ranked #1 in her class before Defendant Henson improperly fabricated grades and class rank as the result of his "audit."

8. Ironically, although Defendant Henson has spoken publicly multiple times on podcasts and the news about the incidents giving rise to this lawsuit, he has now threatened to sue Plaintiffs Monica Johnson and Brandolyn Jones for doing the same as discussed further herein. But "the truth will always be spoken."

## II. PARTIES

9. Plaintiff Monica Johnson is a resident of Falls County, Texas. She is represented by her attorney of record in this matter, Janelle L. Davis Law, PLLC.

10.     Plaintiff Me'Kia Mouling is a resident of College Station, Brazos County, Texas. At the time of the events giving rise to this lawsuit, she was a senior in Marlin ISD and a resident of Falls County, Texas. She is represented by her attorney of record in this matter, Janelle L. Davis Law, PLLC.

11.     Plaintiff G.K. is a resident of Falls County, Texas. He is a minor and his mother Monica Johnson brings this matter on his behalf as next friend. He is represented by his attorney of record in this matter, Janelle L. Davis Law, PLLC.

12.     Plaintiff Clifford Jones is a resident of Humble, Texas. At the time of the events giving rise to this lawsuit, he was a resident of Falls County, Texas. He is represented by his attorney of record in this matter, Janelle L. Davis Law, PLLC.

13.     Plaintiff Brandolyn Jones is a resident of Humble, Texas. At the time of the events giving rise to this lawsuit, she was a resident of Falls County, Texas. She is represented by her attorney of record in this matter, Janelle L. Davis Law, PLLC.

14.     Plaintiff Praiyer Jones is a resident of Humble, Texas. At the time of the events giving rise to this lawsuit, he was a senior in Marlin ISD and a resident of Falls County, Texas. He is represented by his attorney of record in this matter, Janelle L. Davis Law, PLLC.

15.     Plaintiff A.J. is a resident of Humble, Texas. At the time of the events giving rise to this lawsuit, he was a resident of Falls County, Texas. He is a minor and his parents Clifford and Brandolyn Jones bring this matter on his behalf as next friend. He is represented by his attorney of record in this matter, Janelle L. Davis Law, PLLC.

16.     Defendant Darryl Henson works in Falls County, Texas. He is currently the superintendent of Marlin Independent School District. He can be served with process at his place of work, 130 Coleman Street, Marlin, Texas 76661. ***Issuance of citation is requested at this time.***

17. Defendant Marlin Independent School District is an independent school district located in Falls County, Texas. It can be served with process by serving its registered agent for service of process, Ray Matthews, at 130 Coleman Street, Marlin, Texas 76661. *Issuance of citation is requested at this time.*

18. John Simmons is the Chief of Police for the Marlin ISD Police Department. He can be served with process at his place of work, 130 Coleman Street, Marlin, Texas 76661. *Issuance of citation is requested at this time.*

### III. JURISDICTION AND VENUE

19. The subject matter in controversy is within this Court's original jurisdiction because this matter involves alleged violations of Constitutional rights and federal law. 28 U.S.C. § 1331.

20. Venue is proper in the Western District of Texas because Defendants are located in Falls County, and the events giving rise to this lawsuit took place in Falls County, Texas. Falls County falls within the boundaries of the Western District of Texas, Waco Division.

### IV. BACKGROUND FACTS

21. On May 22, 2023, Defendant Henson cancelled the senior class graduation that was scheduled to take place on May 25, 2023. Henson claimed that this was necessary because only a handful of students were eligible to graduate. Upon information and belief, this was not true. Documentation retained by parents of the Class of 2023 and statements from former Marlin ISD employees proves this. For example, on January 6, 2023 Praiyer Jones's transcript was received and verified by the Marlin High School counselor. And on May 9, 2023, Praiyer Jones's transcript was received by Kathy Crear, Coordinator of the Public Education Information Management System (PEIMS) and reviewed that same day with Dr. Staci Parker, Chief Operating Officer of Marlin ISD. Praiyer and his parents were told he was on track to graduate. Plaintiff Me'Kia Mouling was told the same thing as discussed below.

22.    On May 23, 2023, Plaintiff Praiyer Jones – who was the senior class president – spoke to KWTX News in an effort to get answers for his classmates.  *Marlin ISD holds parent meeting after postponing graduation after several students were found ineligible* (May 25, 2023), *available at* [https://www.kxxv.com/hometown/bell-county/marlin-isd-holds-parent-meeting-after-postponing-graduation-after-several-students-were-found-ineligible](https://www.kxxv.com/hometown/bell-county/marlin-isd-holds-parent-meeting-after-postponing-graduation-after-several-students-were-found-ineligible).  His prior efforts to get answers from the school principal and Superintendent Henson had been unsuccessful.  Plaintiff Monica Johnson started a petition calling for Defendant Henson's resignation after his decision to cancel graduation, as well as because of failures in his leadership that have resulted in Marlin ISD losing qualified teaching staff.  Unfortunately, these simple efforts to get answers and to have graduation as originally planned and prepared for led to the Defendants' unlawful and retaliatory actions.

23.    On June 1, 2023, Defendant Marlin ISD sent updated transcripts to seniors.  Plaintiff Praiyer Jones's grades for English IV and College Prep Math had been changed from all As to all Cs, which lowered both his GPA and class rank.  This impacted Praiyer's ability to receive certain scholarships and has resulted in emotional and mental distress and damages.  Prior to this change, Praiyer Jones had always received As and Bs.  During the 2022-2023 school year, Praiyer followed all rules communicated to him by his certified teachers of record and campus principal with respect to English IV and College Prep Math.  Praiyer's new semester averages for English IV and College Prep Math did not correspond with the six-week averages that appeared on his report cards throughout the year.  Praiyer Jones's grades were changed without an official grade change form initiated and signed off on by the teacher of record.

24.    Plaintiff Clifford Jones met with Defendant Henson the afternoon of June 1, 2023 to discuss the issue related to Praiyer's grades.  Defendant Henson refused to do anything to address the situation.

25.     On June 4, 2023, Plaintiff Clifford Jones received a call from the former Mayor of the City of Marlin.  The former Mayor advised that Defendant Henson had called the former Mayor and let her know that he would be suing Plaintiff Brandolyn Jones, her husband, and her son for filing a parent complaint through the Texas Education Agency's ("TEA") complaint portal. Plaintiff Brandolyn Jones received the link to file a complaint with the TEA from Mr. Garrett Black, the Director of School Governance at the TEA.  Defendant Henson had no reason to know that Plaintiff Brandolyn Jones had sought the help of the TEA, which means that someone from the TEA disclosed this information to him and he then used it to further retaliate against Plaintiffs. This threat communicated through the former Mayor was in direct violation of Marlin ISD Board Policy which prohibits retaliation against parent and students for filing complaints.  It is also an improper attempt to intimidate Plaintiffs Brandolyn Jones, Clifford Jones, and Praiyer Jones into silence to keep them from exercising their First Amendment free speech rights and their right to petition the government for redress of grievances.

26.     During the June 19, 2023 Marlin ISD school board meeting, Plaintiff Brandolyn Jones spoke during public comment.  She asked that Title I funds be used to hire a graduation auditor so that what happened to the Class of 2023 never happened again.  The Marlin ISD Board of Managers did not record Plaintiff Brandolyn Jones's comments as required by the Texas Open Meetings Act.  They began recording their meeting after she spoke.

27.     Plaintiffs Clifford and Brandolyn Jones sought relief for their complaints through the Marlin ISD grievance process as set forth in local board policy.  Their grievance was "investigated" by Defendant Henson who was the very person they were complaining about.  On July 18, 2023, Defendant Henson held the Level 2 grievance meeting for Clifford and Brandolyn Jones.  He denied the relief they requested.

28.     Five days after Plaintiffs Clifford and Brandolyn Jones had their Level 2 grievance meeting to address issues related to their son Praiyer, they received a "final report card" for their younger son, A.J.  A.J. has several disabilities and is protected under a Section 504 Plan that addresses those disabilities and provides procedural safeguards to protects A.J.'s rights.  In the "final report card" received on July 23, 2023, A.J.'s Integrated Chemisty and Physics (IPC) grade was changed from a B to an F.  In addition, the name of Plaintiff A.J.'s science teacher of record was changed to the name of a teacher who had died several months earlier and whom A.J. never met or received instruction from during the 2022-2023 school year.  This change was long after the last day of the school year and happened without any communication to A.J.'s parents.  It conveniently happened just 5 days after Clifford and Brandolyn Jones had their Level 2 Grievance Hearing with Defendant Henson.    A.J. has suffered emotionally and mentally as a result of this act of retaliation.  He has also lost an entire science credit, which keeps him from graduating with a Distinguished High School Diploma.  He is no longer on track to graduate with his class.  Further, if A.J. really did "earn" Fs in his science course throughout the school year, then Marlin ISD should have never allowed him to compete in athletics.  Yet he played football, basketball, and track and he participated in FFA events on behalf of Marlin ISD.  Retroactive changes to the grades of a student protected under Section 504 is a violation of his rights and amounts to discrimination based on his disability.  In addition, no grade change form was prepared for A.J. and the change was not communicated to Plaintiffs Clifford or Brandolyn Jones prior to it taking place.

29.     On April 26, 2023, Plaintiff Monica Johnson and her daughter, Me'Kia Mouling attended a meeting with the Marlin High School counselor.  During that meeting, the counselor advised that Me'Kia had done everything she needed to in order to graduate and that she was ranked #1 in the class.  This was no surprise to Plaintiffs Johnson and Mouling because Marlin ISD had already sent her transcript to Texas A&M University and it reflected that she was ranked

#1.  However, on May 22, 2023 Plaintiff Johnson was informed that her daughter's rank might change because Defendant Henson and another Marlin ISD staff member had changed the applicable guidelines.   Plaintiff Me'Kia Mouling was eventually moved to #3.  This resulted in the loss of scholarship opportunities at the time and led to emotional and mental distress and damages.

30.     During a parent meeting for underclassmen on May 31, 2023, Defendant Henson taunted Plaintiff Johnson multiple times by referring to her daughter's new #3 rank.  When Plaintiff Johnson tried to address the remarks and otherwise ask questions during the meeting, Defendant Henson used the Marlin ISD Police Chief John Simmons as his personal gestapo to remove Plaintiff Johnson from the meeting.    The next day, Plaintiff Johnson was served with a criminal trespass warning and banned from ISD campuses for a year without appropriate cause in violation of state law.  Section 37.105 of the Texas Education Code sets out specific requirements that must be met before a parent or community member can be criminally trespassed from school district property.  Defendants did not meet these requirements with respect to Plaintiff Monica Johnson and therefore, the criminal trespass warning was improperly and unlawfully issued.  Defendant Simmons served Plaintiff Monica Johnson with the warning.

31.     Plaintiff Monica Johnson also tried to address her complaints through the Marlin ISD grievance process.  And again, Defendant Henson served as the "investigator" of the grievance even though his conduct was being complained about.

32.     On June 13, 2023 after Plaintiff Johnson's Level 2 Grievance Meeting, Defendant Henson called her and said with respect to class rank that "it might be a tie" or "it might not be" so it was possible that Plaintiff Mouling could be moved back to #1.  Plaintiff Mouling was eventually moved back to #1 in her class.  However, in a further act of retaliation Defendants refused to allow Plaintiff Mouling to give a valedictorian speech at Marlin High School's

rescheduled and delayed graduation as they had done in every previous graduation year. This malicious decision caused damages to Plaintiffs Monica Johnson, Me'Kia Mouling, and G.K.

33. Defendants continue to retaliate against Plaintiff Monica Johnson by interfering with her ability to participate in the education of her son (Plaintiff G.K.) who is a current Marlin ISD student and by claiming he is missing or failing grades during the 2023-2024 when he is not. Plaintiff Monica Johnson has had to file additional grievances related to the improper handling of Plaintiff G.K.'s grades.

34. Since May of 2023, Defendant Henson has used his resources in Marlin ISD to intimidate and further retaliate against the Plaintiffs. He has also committed fraud as defined by Texas Penal Code § 37.10 by altering or directing the alteration of official government documents without justification. And when Plaintiffs Monica Johnson and Brandolyn Jones sought information related to the grade changes and their children through the public information request process, Defendants advised them that it would cost over $8,000 to get copies of the very straightforward and basic documents they asked for.

35. Defendant Henson has maintained that the grade changes for Praiyer and A.J. were necessary because he learned that certain teachers were not following the appropriate grading policy for computer-based courses. However, this supposed grading policy was never communicated as required to students at the beginning of the school year or any other time until the grades were changed. Retroactively changing students' grades based on an alleged policy they were not aware of was improper and fraudulent. Representatives of the Region 12 Education Service Center even advised Defendants not to change the students' grades, but the Defendants persisted in order to protect their own image. This is particularly true for Defendant Henson who views himself as "daddy" to the students of Marlin ISD and believes he is "golden" and no one can touch him. In his self-proclaimed role as "daddy," upon information and belief, Defendant

Henson communicates with students via text message in violation of the Texas Educator Code of Ethics. 19 Tex. Admin. Code § 247.2.

36. Defendant Henson has consistently refused to change Praiyer and A.J.'s grades back to what they were originally awarded by their certified teachers of record, although he has done so for other students, including most recently after Plaintiff Monica Johnson filed a grievance related to Plaintiff G.K.'s grades. This further demonstrates his retaliation towards Plaintiffs Brandolyn, Clifford, Praiyer, and A.J. Upon information and belief, the only two student's grades that have not been changed back to their original grades are those of Praiyer Jones and A.J.. This resulted in a decline in their cumulative GPA and class rank. This has impacted scholarships for Praiyer and has resulted in A.J. not being on track to graduate with his class. Defendant Henson claims he does not have the authority to change grades, but this is clearly untrue given his recent actions with respect to Plaintiff G.K.

37. Defendant Henson has also ridiculed and defamed Plaintiffs in various staff and parent meetings, including by calling Plaintiff Brandolyn Jones a liar and making derogatory references to her character and physical appearance including that she was a liar, had wrongfully called him a liar so the "gloves are off," that she was "as wide as all outside," that he was "surprised there is a belt big enough," and "come on yall, you know that lady is big." Upon information and belief, these types of comments are typical of Defendant Henson's behavior during meetings.

38. Defendant Henson and Marlin ISD have also committed fraud by certifying two separate students with different GPAs as the "Highest Ranking Graduate." This is significant because this certification allows the receiving student to receive full tuition under Texas Education Code 54.301. This is only supposed to go to one student, but Defendants Henson and Marlin ISD certified to two separate colleges that two different students were the highest ranking even though they had different GPAs.

39.     Defendants' recent acts of retaliation include having Plaintiff Monica Johnson removed from a public meeting held for Marlin ISD families and then serving her with a "warning" that she would be criminal trespassed from Marlin ISD property if she continued to ask questions about how Defendants Henson and Marlin ISD were calculating grades or bringing up Defendants' unethical and unlawful behavior that took place during the 2022-2023 school year.

40.     Defendants have also served both Plaintiffs Brandolyn Jones and Monica Johnson with "cease and desist letters" in an attempt to silence their First Amendment Free Speech rights. These letters threaten to sue Plaintiffs Brandolyn Jones and Monica Johnson if they do not stop sharing their experiences with others, improperly claiming that such speech is "defamatory." Even worse, the letters were sent by the law firm of a sitting state legislator whom Plaintiff Brandolyn Jones contacted in an effort to get help with the situation she was facing in Marlin ISD. These threats are a violation of Plaintiffs' constitutionally protected rights and the Texas Citizens Participation Act.

41.     The Defendants actions towards Plaintiffs are unlawful and unconstitutional violations of the First Amendment and federal and state law. The Plaintiffs' constitutional rights to petition their government without fear of retaliation for exercising free speech were infringed by each of the Defendants. Defendants Henson and Marlin ISD targeted Plaintiffs and Defendant John Simmons is liable for the infringement on constitutionally protected rights, including the right to petition and free speech, as well as the right to be a full participant in the education of Plaintiffs' Monica Johnson, Clifford Jones, and Brandolyn Jones's children. Defendant Marlin ISD is also liable for its failures to train its officers regarding the proper issuance of criminal trespass warnings, which caused damages to Plaintiff Monica Johnson in this case. Additionally, Marlin ISD failed to train its officers, employees, and trustees to tell the truth on affidavits and other documentation submitted to support the so-called necessity of a criminal trespass warning.

Instead, Marlin ISD has allowed its officials to use these warnings to assist in a political prosecution by stretching the truth.

42.     Marlin ISD's failure to train also caused the issues and damages to Plaintiff Monica Johnson because the Defendants asserted the application of laws that did not support their position. Defendant John Simmons should not consider himself the military arm of Defendant Henson, but he had repeatedly done so by squelching free speech at public meetings in Marlin ISD.   Defendant Henson has taken full advantage of using the Marlin ISD police force to silence those who oppose him.

43.     The unconstitutional and unlawful behavior of Defendant Marlin ISD and its employees and agents proximately caused Plaintiffs' damages.  At all times material to this action, Defendants were acting in the course and scope of their employment or work as employees, agents, and/or trustees for Defendant Marlin ISD.  Accordingly, Marlin ISD may be held responsible for its employees' and agents' unconstitutional and unlawful conduct under the doctrine of respondent superior.

## V.  PROPOSITIONS OF LAW

44.     42 U.S.C. § 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of "any rights, privileges, or immunities secured by the Constitution and laws."

45.     To state a claim under section 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

46.     Put another way, to state a cause of action under § 1983 for violation of the Due Process Clause, plaintiffs must show they have asserted a recognized liberty or property interest

within the purview of the Fourteenth Amendment, and that they were intentionally or recklessly deprived of that interest, even temporarily, under color of state law. *Griffith v. Johnston,* 899 F.2d 1427, 1435 (5th Cir. 1990).

47.     Municipal entities, including independent school districts, qualify as "persons" under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). As such, school districts can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where the action that is alleged to be unconstitutional implements or executes a policy, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Id.* at 690-91.

48.     Under Texas law, the final policymaking authority in an independent school district rests with the district's board of trustees. *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003); Tex. Educ. Code § 11.151(b).

49.     A school district is liable for its policy makers' unconstitutional actions, including actions by those to whom it has delegated policymaking authority in certain areas. *Id.* at 694; *see also Barrow v. Greenville Indep. Sch. Dist.*, 480 F.3d 377, 380 (5th Cir. 2007).

50.     To invoke municipal (or school district) liability, a plaintiff must identify (1) an official policy, of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy. *Pineda v. Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (quoting *Piotrowski* at 578)

51.     With respect to the liability of supervisors, in *Bowen v. Watkins*, 669 F.2d 979, 988 (5th Cir. 1982), the Fifth Circuit observed that supervisory officials cannot be held liable solely on the basis of their employer-employee relationship with a tortfeasor *but* may be liable when their own action or inaction, including a failure to supervise that amounts to gross negligence or deliberate indifference, is a proximate cause of the constitutional violation.

52.     Plaintiffs allege a civil conspiracy among Henson and Simmons under 42 U.S.C. § 1985, which provides civil liability for those conspiring to deprive a person of federally protected civil rights. Specifically, § 1985(2)-(3) states:

> [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to

> the equal protection of the laws;

> .. .

> [I]f one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by

> such injury or deprivation, against any one or more of the conspirators.

53.     Defendants attempted to further their conspiratorial acts against Plaintiffs to deprive Plaintiffs of their Constitutional and state rights based on Plaintiffs' determined efforts to hold Defendants publicly accountable to state and federal law and Marlin ISD policies.

54.     Plaintiffs have been injured by the Defendants' conspiratorial acts, and each Defendant acted separately and in view of the constitutional deprivation.

55.     Just as several employees of a company could be held liable for their conspiracy to defraud the company's customers while they are also embezzling from the company, Defendant Henson and Simmons should be liable for their individual actions in furtherance of the goal of hiring unfit employees and maintaining unquestioned power and authority that is not checked by state or federal law.

56.     Additionally, Defendants were each familiar with Plaintiffs and by their actions showed that they did not enjoy the gadfly activists who sought to expose Defendants' unlawful behavior and unseat Defendant Henson's leadership, and they acted accordingly.

## VI.  CAUSES OF ACTION

57.     All causes of action are asserted against by all Plaintiffs against all Defendants unless specifically stated otherwise.

## COUNT 1:  Conspiracy

58.     Plaintiffs incorporate the above paragraphs by reference as though set forth fully herein.

59.     Defendant Henson and Simmons were members and a member of a combination of two or more persons.

60.     The object of the combination was to accomplish an unlawful and unconstitutional purpose and to use unlawful means.

61.     The members had a meeting of the minds on the object or course of action.

62.     Defendants committed an unlawful, overt act to further the object or the course of action.

63.     At all times, various groups of individual Defendants acted in concert, both privately and overtly, with a meeting of the minds, to oppress the civil rights of Plaintiffs and are liable under 42 U.S.C. § 1985 for such violations.

## COUNT 2:  Ultra Vires

64.     Plaintiffs incorporate the above paragraphs by reference as though set forth fully herein.

65.     Defendants are liable for ultra vires conduct, in which each individual actor has no lawful authority and they are individually acting outside of their official duties.

66.     The Defendant actors are governmental employees and they are acting without legal authority.

67.     Each Defendant acted without a justifiable purpose or any probable cause, any warrant, and without meeting the requirements of the Texas Education Code for the issuance of a criminal trespass warning.

### COUNT 3: Violation of rights protected by the First Amendment, enforced through the 14th Amendment and 42 U.S.C. § 1983.

68.     Plaintiffs incorporate the above paragraphs by reference as though set forth fully herein.

### 1.  Defendants violated Plaintiffs' right to petition.

69.     The First Amendment to the United States Constitution guarantees the right of United States citizens to petition their government for redress, which includes the right to do so without the government retaliating against the petitioner. The First Amendment applies to the states via the Fourteenth Amendment's due process clause. *See McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334 (1995); *Rolf v. City of San Antonio*, 77 F.3d 823, 827 n. 18 (5th Cir. 1996).

70.     Defendants Henson and Simmons retaliated against Plaintiffs for exercising their right to petition by cooperating in the illegal issuance of a criminal trespass warning, as well as unequal treatment he received in comparison with other Marlin ISD families, violating their First Amendment Right to Free Speech and Right to Petition.

71.     Plaintiffs seek economic damages to prevent such behavior by Defendants going forward.

### 2.  Defendants violated Plaintiffs' right to free speech because of viewpoint.

72.     Plaintiff incorporates the above paragraphs by reference as though set forth fully herein.

73.     "[E]ven if a limitation on speech is a reasonable time, place, and manner restriction, there is a First Amendment violation if the defendant applied the restriction because of the speaker's viewpoint." *Galena v. Leone*, 638 F.3d 186, 199 (3d Cir. 2011).

74.     At various Marlin ISD public meetings for parents and formal board meetings, Plaintiffs are private citizens who spoke about Defendant Henson's actions and unethical conduct of the Defendants.  These are matters of public concern at a meeting held by local government officials where citizens are allowed to peaceably assemble, associate, and engage in free speech as to matters of public concern regarding Marlin ISD.

75.     Plaintiffs exercised their clearly established First Amendment rights to free speech, peaceable assembly, freedom of association, and/or to petition the government for a redress of grievances as applied to state action by the Fourteenth Amendment.

76.     Plaintiffs asked questions when called on and/or spoke during public comment portions of meetings.  They did not disrupt meetings, did not cause anyone harm or make any threats.  In fact, Defendant Henson actually taunted Plaintiffs on multiple occasions and interrupted their comments (particularly as to Plaintiff Monica Johnson).

77.     Defendants acted in concert and conspired to deprive Plaintiffs of their protected First Amendment rights by selectively enforcing rules of decorum because of Plaintiffs' viewpoints and criticism of Defendants and Defendant Henson's so-called leadership of Marlin ISD.

78.     Defendants acted in concert and conspired to deprive Plaintiffs of their First Amendment rights because of their viewpoints. Defendants knew that Plaintiffs had these viewpoints because of their previous public comments, petitions, grievances, and posts on social media.

79. Defendant Simmons, acting at Defendant Henson's direction, selectively enforced Henson's rules on his behalf by only serving Plaintiff Monica Johnson with a criminal trespass warning and by only failing to record Plaintiff Brandolyn Jones's comments during a public board meeting. Defendant Henson has also only selectively threatened to sue Plaintiffs because of their fact-based criticism of him.

80. Defendant Simmons carried out this conspiracy and further violated Plaintiffs' First Amendment rights by issuing a criminal trespass citation to Plaintiff Monica Johnson which had the effect of banning her from any Marlin ISD property where her son still attends.

81. Defendants' actions would deter a person of ordinary firmness from continuing to engage in protected First Amendment rights.

82. Defendants' decisions to act in concert and conspire to violate Plaintiffs' clearly establish constitutional rights was not objectively reasonable in light of the circumstances because it was obvious that the rules were not being applied evenly to Plaintiffs on the basis of their viewpoint.

83. Defendants' time, place, and manner rules for board and other Marlin ISD meetings were not content-neutral, as applied, because Defendants unevenly applied them to Plaintiffs because of Plaintiffs' viewpoint.

84. "It is clearly established that when a public official excludes an elected representative or a citizen from a public meeting, she must conform her conduct to the requirements of the First Amendment." *Monteiro v. City of Elizabeth*, 436 F.3d 397, 404 (3d Cir. 2006) (collecting cases).

85. Where public officials act "with an intent to suppress speech . . . on the basis of viewpoint," the public officials are "not entitled to qualified immunity" because they have "violated clearly established law." *Id.*

86. "[I]t can never be objectively reasonable for a government official to act with the intent that is prohibited by law." *Id.* (quoting *Locurto v. Safir*, 264 F.3d 154, 169 (2d Cir. 2001)).

87. Defendants are not entitled to qualified immunity because they have acted in concert and conspired to violate Plaintiffs' constitutional rights. Defendants acted intentionally, willfully, deliberately, maliciously, or with reckless indifference with regard to Plaintiffs' First Amendment rights.

88. Defendants acted under color of the laws and regulations of the State of Texas and the Marlin ISD Board in carrying out the deprivations of First Amendment rights described herein. Defendants were all acting within the course of scope of their duties as employees of Marlin ISD and/or the Marlin ISD Police Department.

89. Even after Plaintiffs used the local grievance process to appeal the Defendants' unlawful and unconstitutional actions, Defendants continued to act in concert to further deprive Plaintiffs of their constitutional rights by upholding the Defendants' unconstitutional actions in the grievance process and by relying on false information.

*3. Defendants violated Plaintiffs' right to exercise fundamental rights without retaliation.*

90. Plaintiffs incorporate the above paragraphs by reference as though set forth fully herein.

91. Defendants Henson and Simmons retaliated against Plaintiffs for exercising their free speech and petition by conspiring and unlawfully causing the issuance of a criminal trespass against Plaintiff Monica Johnson and by further harassment of all Plaintiffs including, but not limited to, by changing grades unlawfully, refusing to hold graduation as planned, making defamatory comments in staff meetings, and threatening to sue Plaintiffs for speaking out.

92. Defendants' retaliatory actions were based solely on the content and viewpoint of Plaintiffs' speech. This violated Plaintiffs' First Amendment right to petition the government and

was designed to deter others of ordinary firmness or with similar viewpoints from exercising their right to free speech in the future.

**COUNT 4: Violations of Plaintiffs' Right to Due Process**
**Protected by the Fourteenth Amendment and 42 U.S.C. § 1983.**

93.     Plaintiffs incorporate the above paragraphs by reference as though set forth fully herein.

94.     At all times relevant to this Complaint, Defendants were acting under color of state law because they were employed by and performing official duties as government employees or agents. The actions of Defendants violated Plaintiffs' rights under the First and Fourteenth Amendments to the U.S. Constitution.

95.     Defendants were callously indifferent in supervising, failing to train, or both, their subordinates as to how to investigate a person alleged to have committed actions that subject them to criminal trespass warnings and how to investigate a grievance filed under Marlin ISD board policies.

96.     Defendants personally exhibited deliberate indifference to Plaintiffs' constitutional rights by personally participating in, directing, encouraging, ratifying, conspiring, and approving the unconstitutional conduct towards Plaintiffs, and then by failing to prevent, discipline, or take other actions to remedy these violations.

97.     Because Defendant Marlin ISD employs and/or supervises and direct the actions of Henson and Simmons, Defendants Marlin ISD caused directly and proximately Henson and Simmons to carry out actions which violated Plaintiffs' constitutionally protected rights under the First and Fourteenth Amendments to the U.S. Constitution.

98.     The Fourteenth Amendment prohibits unequal protection and access to government actors without a reasonable basis.  No case law exists to support the idea that criticizing a

superintendent for his unlawful and unethical decisions to change grades, class rank, and cancel graduation is a reasonable basis to allow unequal treatment of those petitioning Marlin ISD.

99.     The Due Process Clause of the Fourteenth Amendment prohibits the government from censoring speech by using criminal trespass warnings issued and enforced by officials with unbridled discretion.

100.     Defendants Henson and Simmons personally participated in the infringement of Plaintiffs' right to due process and are individually liable, as well as Marlin ISD.   As detailed above, Defendants acted out of spite to punish Plaintiffs because of their viewpoint regarding Defendants' actions and Defendant Henson's poor leadership of Marlin ISD.

## COUNT 5: Intentional Infliction of Emotional Distress

101.     Plaintiffs incorporate the above paragraphs by reference as though set forth fully herein.

102.     Plaintiffs are individuals.  The Defendants in this case acted intentionally or recklessly in altering the grades and class rank of several students without appropriate justification, and in violating the First Amendment rights of Plaintiffs by threatening to sue them for sharing their experiences.

103.     Defendants' conduct towards Plaintiffs was extreme and outrageous.

104.     As a direct and proximate result of the actions of Defendants, Plaintiffs and their entire families suffered severe emotional distress.

105.     There is no alternative cause of action that will provide a remedy for the severe emotional distress suffered by Plaintiffs because of the Defendants' actions.

## COUNT 6:  Defamation (asserted by Plaintiffs Monica Johnson and Brandolyn Jones)

106.     Plaintiffs incorporate the above paragraphs by reference as though set forth fully herein.

107.     Defendants Henson and Simmons published statements of fact regarding the alleged actions of Plaintiffs Monica Johnson and Brandolyn Jones.  These statements referred directly to Plaintiffs and were submitted for the sole, malicious purpose of justifying the unlawful criminal trespass warning and Defendants' decisions on Plaintiffs' grievances.  Defendant Henson has attempted to portray Plaintiffs as complainers who just want to tear down Marlin ISD's name.  This could not be further from the truth.

108.     The statements made by Defendants Henson and Simmons were defamatory and false.  Further, the statements were made with actual malice, negligence and/or were statements for which there is strict liability.

109.     Plaintiffs suffered damages as a direct result of the defamatory statements made by Defendants Henson and Simmons.

### COUNT 7:  Fraud (against Defendants Henson and Marlin ISD)

110.     Plaintiffs incorporate the above paragraphs by reference as though set forth fully herein.

111.     Defendants Henson and Marlin ISD committed fraud by altering official government documents without proper justification.  They did so without following the appropriate processes under state law and in an effort to further their own agenda without regard to the damage it would cause to Plaintiffs.

112.     Defendant Henson directed or personally participated in the alteration of government documents in violation of Section 37.10 of the Texas Penal Code.  Upon information and belief, he used employees of Marlin ISD to accomplish this action.

113.     Defendant Henson further committed fraud by certifying two separate students with different GPAs as the "highest ranking graduate" of the Marlin High School Class of 2023.

114. Because of Defendants Henson and Marlin ISD's fraudulent actions, Plaintiffs suffered damages, including (for Praiyer Jones, A.J., and Me'Kia Mouling) the loss of educational opportunities, the loss of scholarships and other recognitions, and severe mental and emotional damages that continue to impact each of the Plaintiffs.

115. Plaintiffs' damages are the proximate result of the Defendants' fraudulent conduct.

### COUNT 8: Violations of Section 504 of the Rehabilitation Act of 1973
**(asserted by Plaintiff A.J. by next friends Clifford and Brandolyn Jones against Defendants Henson and Marlin ISD)**

116. Plaintiffs incorporate the above paragraphs by reference as though set forth fully herein.

117. Plaintiff A.J. is a child with disabilities that substantially limit one or more major life activity, and therefore, is considered a person with a disability under Section 504 of the Rehabilitation Act, as amended. *See* 29 U.S.C. § 705(9)(B), as amended by the ADA Amendments Act, Pub. L. 110-325, Sec. 7, 122 Stat. 3553 (Sept. 25, 2008).

118. Plaintiff A.J. is otherwise qualified under Section 504 of the Rehabilitation Act because he meets the essential eligibility requirements for public education in the state of Texas.

119. Defendants Henson, in his official capacity, and Marlin ISD are the recipients of federal financial assistance.

120. Defendants have violated the regulations and provisions of Section 504 by (i) using methods of administration that have the effect of subjecting Plaintiff A.J. to discrimination onf the basis of disability, in violation of 34 C.F.R. § 104.4(b); (ii) using methods of administration that have the effect or purpose of defeating or substantially impairing accomplishment of the objectives of the public education provided by Defendant Marlin ISD in violation of 34 C.F.R. § 104.4(b); and (iii) changing Plaintiff A.J.'s grades without proper notice and compliance with the applicable procedural safeguards.

121.    As a result of Defendants Henson and Marlin ISD's actions, Plaintiff A.J. has suffered damages, including the loss of his ability to graduate with his class, the loss of his opportunity to graduate with a Distinguished High School Diploma (which will affect his college opportunities and scholarships), and severe mental and emotional distress.

## RESPONDEAT SUPERIOR

122.    Plaintiffs incorporate the above paragraphs by reference as though set forth fully herein.

123.    The unconstitutional and unlawful behavior of Defendant Marlin ISD and its employees and agents proximately caused Plaintiffs' damages. At all times material to this action, Defendants were acting individually and the course and scope of their employment for Defendant Marlin ISD. Accordingly, Marlin ISD may be held responsible for its employees' and agents' unconstitutional and unlawful conduct under the doctrine of respondent superior.

124.    To the extent Defendants Henson and Simmons were acting outside the scope of their employment, they are individually liable to the Plaintiffs for their actions.

## VII.  DAMAGES

125.    Plaintiffs incorporate the above paragraphs by reference as though set forth fully herein.

126.    As a direct and proximate cause of Defendants' unconstitutional actions and conspiracy to deprive Plaintiffs of their constitutional rights, Plaintiffs have suffered mental anguish, pain, humiliation, emotional distress, reputational damages, deprivation of his First Amendment rights, and the deprivation of their rights to be full participants in the education of their children who were students in Marlin ISD.

127.    Plaintiffs seek monetary relief over $1,000,000. Tex. R. Civ. P. 47(c)(4).

128.     Defendants are also liable to Plaintiffs for punitive damages for their recklessness and/or callous indifference to Plaintiffs' constitutional rights.

### Attorneys' Fees, Expert Fees, and Costs

129.     Plaintiffs are entitled to an award of attorneys' fees and costs under 42 U.S.C. § 1988(b).

130.     Pursuant to 42 U.S.C. § 1988, a prevailing party in a Section 1983 case is entitled to recover its expert fees.

### Exemplary Damages

131.     Defendants' acts and omissions complained of herein were committed knowingly, willfully, intentionally, and with actual awareness or actual malice or with deliberate conscious indifference.  In order to punish Defendants for such unconscionable and deliberate actions and to deter such acts and/or omissions in the future, Plaintiffs seek recovery against Defendants of exemplary damages as provided by Chapter 41 of the Texas Civil Practice & Remedies Code.

132.     Punitive damages may be assessed under § 1983 when the Defendants' conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.  As such, Plaintiffs are entitled to punitive damages from Defendants.

### VIII.  CONDITIONS PRECEDENT

133.     All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.  *See* Tex. Civ. Prac. & Rem. Code § 101.101(c).

## IX. DEMAND FOR JURY TRIAL

134.    Plaintiffs hereby demand that a jury of their peers be empaneled to hear and decide the issues presented in this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court, including but not limited to:

   a.   An award of nominal, compensatory, and punitive damages to Plaintiffs from all Defendants, jointly and severally, for their conduct in depriving Plaintiffs' of their constitutional rights and for their unlawful retaliation of Plaintiffs;

   b.   Reasonable and necessary attorneys' fees, costs, and expenses; and

   c.   All other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

_____
Janelle L. Davis
State Bar No. 24059655
**Janelle L. Davis Law, PLLC**
P.O. Box 1311
Prosper, Texas 75078
469.592.8775
Janelle@JanelleLDavisLaw.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed in using the Pacer filing system and will be served upon the Defendants in accordance with the Federal Rules of Civil Procedure.

_____